J^FITZSIMMONS, J.
Defendant, Johnnie S. Peairs, appealed the trial court’s denial of her peremptory exception raising the objection of res judi-cata, and the judgment in favor of her former husband, Jerry Peairs. We amend and affirm.
Mr. and Mrs. Peairs were divorced in 1990. Mr. Peairs became disabled in September of 1993. He applied for disability benefits from his former employer, Gulf States Utilities,[1] through the Gulf States Utilities Company Employees’ Trusteed Retirement Plan (plan). On April 29, 1994, he was approved for disability benefits available under the plan. The parties signed a community settlement agreement in February of 1995, which included certain retirement benefits. These retirement benefits would be distributed pursuant to a Qualified Domestic Relations Order (QDRO). After a revision required by the plan administrator, the QDRO was resubmitted for final acceptance. Pending final acceptance, the trial court specifically maintained jurisdiction over the QDRO. The plan administrator accepted the QDRO, subject to objections by the parties made within 30 days. Before the end of the 30 day period, Mr. Peairs objected to any payment of the disability benefits to his former wife, Mrs. Peairs.
Mr. Peairs filed a motion to amend or modify the QDRO. He argued that the benefits were his separate property, and not covered by the QDRO. Mrs. Peairs filed the peremptory exception of res judi-cata. She argued that the community settlement agreement and the QDRO resolved the issues between the parties. Thus, the matter could not be re-opened.
In Louisiana, a former spouse is entitled to a share of retirement benefits attributable to the former community. Bordes v. Bordes, 98-1004 (La.4/13/99), 730 So.2d 443, 445; Sims v. Sims, 358 So.2d 919 (La.1978). “The purpose of paying benefits under a retirement plan is different when the benefits are payable because the employee spouse becomes disabled than when the benefits are payable because the employee spouse reaches normal retirement age.” Bordes, 98-1004, 730 So.2d at 448. The disability benefits in Bordes were found to be “more akin to compensation for lost earnings due to serious injury or illness.” Bordes, 98-1004, 730 So.2d at 448. Thus, the Bordes court found that the “disability retirement benefits” were the employee spouse’s “separate property.” Id.
|aThe settlement agreement stated that the division of the retirement accounts would be “in accordance with all applicable federal and state laws, including but not limited to the formula set forth in” the Sims case. The rights assigned to Mrs. Peairs by the QDRO were specifically “in recognition of the existence of her marital rights in the retirement benefits under the ‘Plan,’ as defined by” Sims. Thus, the retirement rights at issue in the settlement and the QDRO were those derived from the community interest or marital rights recognized by state law. The benefits received by the husband, however, are paid as disability benefits.
After a heart attack, Mr. Peairs was unable to continue to work, and elected to take long-term disability retirement. He would not be eligible for the benefits if the disability ended, if he refused to submit to periodic medical examinations, or if he returned to work. At the time of trial, Mr. Peairs had not yet reached retirement *733 age for early or normal retirement. The IRS considers the type of payment received by Mr. Peairs as a “welfare” or disability benefit, not a straight retirement benefit. At the age of normal retirement, 65, Mr. Peairs can make a new election for normal retirement. The amount of the payment would remain the same.
Based on these facts, similar in all important respects to those in Bordes, the disability benefits paid to Mr. Peairs are not community interests subject to the Sims formula, but his separate property. See Bordes, 98-1004, 730 So.2d at 446-48. They are compensation for lost earnings due to a disability. Bordes, 98-1004, 730 So.2d at 448.
As separate property, they were not included under the very specific language of the community settlement agreement and the subsequent QDRO. Unlike the cases where the actual question of whether a bank account is community or separate property is settled by the judgment, the only part of the retirement plan contemplated by the specific language of the settlement and the QDRO was the portion derived from community or marital rights. The principle of res judicata does not bar litigation or judgment on an issue that was not before the court or resolved by the judgment.
Mr. Peairs should not be penalized based on the customary inclusion of the retirement plan in a list of community assets. Under the normal circumstances of retirement, the plan contains a community interest, subject to the Sims formula. At the time of the listing of community assets for partition, Mr. Peairs did not anticipate a future disability that would result in benefits not subject to community or marital rights. However, after Mr. Peairs reaches the | retirement age of 65, the payments are more representative of retirement benefits, and would contain a community interest subject to the QDRO. Bordes, 98-1004, 730 So.2d at 448.
For these reasons, we affirm the portion of the judgment declaring the disability payments to be Mr. Peairs’ separate property. However, we amend the judgment to hold that the benefits paid to Mr. Peairs, after the age of 65, contain a community interest derived from Mrs. Peairs’ marital rights under Louisiana law. At that time, Mrs. Peairs will have a right to an assignment of those benefits as directed by the QDRO.
Cost of the appeal is assessed to both parties, Johnnie S. Peairs and Jerry Peairs.
AMENDED, AND, AS AMENDED, AFFIRMED.
PETTIGREW, J., dissents and assigns reasons.
GUIDRY, J., concurs in the result.

. By the time of the hearing, Gulf States Utilities was known as Entergy Corporation.